# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLINTON L. MOORMAN, JR.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:07-cv-848-Orl-31DAB**

**ALL FIFTY STATES,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　May 21, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the Court **enjoin** Plaintiff from filing any future litigation, without obtaining prior leave of Court, as set forth herein.

This action is one of a series of incomprehensible lawsuits filed recently in this district by this *pro se* Plaintiff.  *See* Cases No. 6:07-cv-00804-GAP-DAB *Moorman v. Ciba-Geigy Corporation* filed 05/14/07; 6:07-cv-00805-PCF-DAB *Moorman v. Muhlenberg Hospital*, *Plainfield NJ* filed 05/14/07; 6:07-cv-00806-JA-DAB *Moorman v. Union County, New Jersey* filed 05/14/07; 6:07-cv-00807-GAP-DAB *Moorman v. Brown* filed 05/14/07;  6:07-cv-00817-JA-DAB *Moorman*

Case 6:07-cv-00848-GAP-DAB   Document 4   Filed 06/08/07   Page 2 of 4 PageID 14

*v. Orange County* filed 05/16/07; and : 6:07-cv-00940-GAP-KRS; *Moorman v. Celestine S. Longstreet*, filed 6/4/07.   The instant action purports to be against all fifty states, with allegations consisting of several pages of randomly selected "Legal Terms"(*i.e.,* "eminent domain," "bait and switch," "equity of redemption") and an illegible and incomprehensible assertion regarding an invasion of privacy, wiretapping, and a "conspiracy of collusive action of hate crimes and malicious and willful misconduct."  No factual allegation of any kind is included in the Complaint, nor is there any connection between these legal terms and assertions and the Defendants (even assuming this Court had jurisdiction and the states were amenable to such a suit).  As the Complaint is clearly frivolous, pauper status should be denied and the Complaint must be dismissed.

As this is the sixth[1] such action, all deemed frivolous by the undersigned in Reports and Recommendations filed in the respective cases, and Plaintiff does not appear to be inclined to cease his meritless filings, the District Court may wish to consider the issuance of a *Martin Trigona* injunction.  "In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a *Martin-Trigona* injunction to stop continued vexatious litigation by persons with a history of such litigation and those acting "at the behest of or in concert" with the primary object of the injunction, it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks* 306 B.R. 700, 705 -706 (Bkrtcy. M.D. Fla.. 2004) citing *Martin-Trigona v. Shaw,* 986 F.2d 1384, 1387 (11th Cir.1993) (enjoining mother of respondent Martin-Trigona).

---

[1] As noted, Plaintiff has just filed his seventh case, Case No. 07cv940, apparently against his sister. The basis for that suit, as alleged in that Complaint, is Plaintiff's belief that his sister has stolen things from him and: "My sister has made my life extremely difficult [.] she is condescending to me and other family members."

-2-

Factors to consider in evaluating the appropriateness of the injunction include: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* citing *Ray v. Lowder*, 2003 WL 22384806 at 2 (M.D.Fla. Aug. 29, 2003)(Jones, Mag. J.)). *See also In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir.1984), and *Riccard v. Prudential*, 307 F.3d 1277 (11th Cir.2002) (Eleventh Circuit upheld a Martin-Trigona order issued by Judge Presnell). The Court considers these factors, in turn.

While the Court does not find that the Plaintiff's actions constitute malicious harassment, the filing of incomprehensible and duplicative actions (the numerous pages of "Legal Terms" are included in several of the Complaints) is vexatious. As for motive, in the Court's opinion, the incoherent and often paranoid nature of the papers filed lead the Court to suspect that Plaintiff is likely not in good mental health and may be legally incompetent. He is not represented by counsel and, while the Complaints have thus far not proceeded to the extent they have been served on other parties, the Court and Clerk's office (which must scan and docket all pro se entries by hand) have been burdened with the filings. As for the final factor, in view of the Court's doubts regarding Plaintiff's mental status, it is highly unlikely that lesser sanctions would be adequate to stop the flow of meritless papers. It is therefore **respectfully recommended** that the District Court consider the issuance of an order enjoining Plaintiff from filing any future lawsuits in this District without first tendering the proposed

filing to the Court for review.[2]  Any contemplated new suit would be reviewed in chambers, and, depending upon the circumstances and the Court's findings, the Court will issue an Order on any such request.  If this recommendation is adopted, the Court should direct the Clerk to take note of the Injunction, and Plaintiff should be advised that failure to follow this procedure with respect to any future suits may subject him to a finding of contempt of court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 8, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All District Judges in Orlando Division
Unrepresented Party
Courtroom Deputy

---

[2]Such an injunction would not cover filings in the existing cases.  The present posture of those cases (dismissal recommended) counsels in favor of allowing existing complaints to be resolved in the normal course.